IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARIN DERAIL HARRIS, SR. | § | |
| | § | |
| v. | § | C.A. NO. C-10-039 |
| | § | |
| ERNEST H. GUTIERREZ | § | |

**OPINION DENYING PETITIONER'S
MOTION FOR PRODUCTION OF DOCUMENTS**

Petitioner is a state inmate currently incarcerated at the McConnnell Unit in Beeville, Texas, who has filed a habeas petition pursuant to 28 U.S.C. § 2254, challenging a disciplinary proceeding. (D.E. 1). Pending is his motion for production of documents. (D.E. 2).

Petitioner is seeking various records, including documents and a video related to the November 15, 2009 incident that led to a charge against him as well as the audiotape from his November 24, 2009 disciplinary hearing. Id. at 2. A habeas petitioner is generally not entitled to discovery. Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery <u>only if and only to the extent that the district court finds good cause</u>." <u>Murphy v. Johnson</u>, 205 F.3d 809, 814 (5th Cir. 2000) (emphasis added); <u>see</u> also <u>United States v. Webster</u>, 392 F.3d 787, 801 (5th Cir. 2004) ("A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'") (citation omitted). The Fifth Circuit has explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" <u>Lave v. Dretke</u>, 416 F.3d 372, 381 (5th Cir. 2005) (quoting <u>Ward v. Whitley</u>, 21 F.3d 1355, 1367 (5th Cir. 1994)).

Indeed, petitioner's pending motion was filed in conjunction with his petition. He has not yet paid the habeas petition filing fee or filed a motion to proceed *in forma pauperis* in this action. (D.E. 4). Respondent has not yet been served with the petition and thus has not filed an answer. In conjunction with his answer, respondent will file various records related to petitioner's allegations with the Court, which he will also provide to petitioner. Thus, petitioner's motion is premature.

Accordingly, petitioner's motion for production of documents, (D.E. 2), is hereby DENIED without prejudice.

ORDERED this 3rd day of February 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE