IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARIN DERAIL HARRIS, SR. | § | |
| | § | |
| v. | § | C.A. NO. C-10-039 |
| | § | |
| RICK THALER | § | |

**MEMORANDUM AND RECOMMENDATION TO**
**GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. (D.E. 1). On February 1, 2010, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, attacking a prison disciplinary hearing. Id. Respondent filed a motion for summary judgment on April 20, 2010 asserting that Petitioner has failed to invoke a protected liberty interest. (D.E. 12). Petitioner filed a response on June 10, 2010. (D.E. 18).[1] For the reasons stated herein, it is respectfully recommended that Respondent's motion for summary judgment be granted.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson,

---

[1] Petitioner filed the same response twice. (D.E. 18, 19).

235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner is incarcerated in Beeville, Texas. (D.E. 1). Jurisdiction is therefore proper in this Court.

## II.  BACKGROUND

On November 15, 2009, Petitioner was playing a board game with other inmates in the day room of C-Pod, Section 2, Building 3 of the McConnell Unit when he saw Officer Lisa West pick up his commissary bag and begin to leave the room. (D.E. 18, at 1). Upon seeing this, he got up and moved toward Officer West and reached for the bag. Id. She told him to move back, and he attempted to talk with her about the bag. Id. at 2. The other inmates in the room began shouting and screaming, and Officer West removed her spray gas from her side and sprayed Petitioner's face.

The next day, Petitioner was charged with threatening to inflict harm on an officer and refusing to obey orders. Disciplinary Hearing Record, at 1. On November 24, 2009, he appeared before Captain Cirilio Puente, the Disciplinary Hearing Officer in case number 20100079843, to address the charges. Id. After reviewing the offense report, and hearing the charging officer's testimony, Captain Puente found Petitioner guilty of both charges. Id. He was sentenced to a loss of thirty days of both recreation privileges and commissary privileges, as well as a reduction in line status from S3 to S4. Id.

## III.  DISCUSSION

Petitioner claims his due process rights pursuant to the Fifth and Fourteenth Amendments were violated at his disciplinary hearing when perjured testimony was used to convict him, certain evidence was not considered by the hearing officer, recordings of the hearing were not made available to him to assist him in his appeal, he was convicted of two offenses arising from a single occurrence, he was convicted with insufficient evidence, his history of good behavior was not considered by the hearing officer, and the prison grievance system proved inadequate and biased.  (D.E. 1, at 7-9).  Respondent avers that Petitioner's claims must fail because he has failed to invoke a protected liberty interest.  (D.E. 12, at 1).

**A.    The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451

(5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an

element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.     Petitioner Has Failed To Invoke A Protected Liberty Interest.**

A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); see also Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution....'") (citation omitted). The Supreme Court has explained that "these [liberty] interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ..., nonetheless imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or

statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767.

On one hand, the loss of commissary and recreation privileges are not atypical, significant deprivations that could encroach upon any liberty interest. Sandin, 515 U.S. at 485-86; Madison, 104 F.3d at 768 ("[Plaintiff's] 30 day commissary and cell restrictions ... do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). Neither are segregated confinement, see Sandin, 515 U.S. at 486, nor the temporary loss of property privileges. Gutierrez v. Maye, No. A-09-CA-225, 2009 WL 3584646 at *3 (W.D. Tex. Oct. 26, 2009) (unpublished) (citing Sandin, 515 U.S. at 474); Diaz v. Rodriguez, No. V-04-022, 2007 WL 655625 at *1 (S.D. Tex. Feb. 28, 2007) (unpublished) (citing Sandin, 515 U.S. at 472, 478). Similarly, prisoners have no protected interest in assignment to any good-time credit earning status. Malchi, 211 F.3d at 958-59; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam).

On the other hand, Texas prisoners who are eligible for mandatory supervision do have a liberty interest in good time credits. See Ex parte Geiken, 28 S.W.3d 553, 558-59 (Tex. Crim. App. 2000) (en banc). However, as a result of Petitioner's disciplinary conviction, he did not lose any good time credits. While he did lose commissary and recreational days, and was reduced in time-earning line

status, the Supreme Court and Fifth Circuit have spoken directly on these issues and concluded that they are not protected liberty interests upon which constitutional claims may be made through habeas.

Accordingly, it is respectfully recommended that Petitioner has failed to invoke a constitutionally protected liberty interest redressable through a habeas petition.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only

if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).

8

Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 12), be granted, and this habeas petition, (D.E. 1), be dismissed.  Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 16th day of July 2010.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).